UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY WILLOUGHBY,

    Plaintiff,

v.                                                        Case No.: 8:23-cv-1260-KKM-NHA

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendants.
_____/

## **ORDER**

The Court partially grants and partially denies Plaintiff's motion to overrule objections and compel production of certain employee personnel materials (Doc. 39). In response to Plaintiff's request for production, Defendant is required to produce employee compensation documents related to Sharon Seavey, Jodie Prendes, and Kristen Tabile. For both the employee compensation documents and any additional records Defendant agreed to produce in response to Plaintiff's request for production, Defendant shall produce the records for all years during which the relevant employee handled the insurance claim at issue, plus the two years prior. Defendant shall produce responsive documents no later than February 5, 2024.

## Background

Plaintiff brings a third-party bad-faith insurance action against Defendant GEICO, for the alleged breach of fiduciary duties Defendant owed to its insured, Alberta Ellison. Doc. 1-1. Essentially, Plaintiff alleges that Defendant failed to appropriately settle claims against Ms. Ellison that arose from a traffic accident and that ultimately resulted in a $30-million jury award against her. *Id.* pp. 5–8.

On August 10, 2023, Plaintiff moved to compel production of personnel materials for three of Defendant's employees who were principally involved in handling the relevant claim.[1] Doc. 39, p. 5. Specifically, Plaintiff requested as to each employee:

> All DOCUMENTS, regardless of the name of the file in which the responsive material is kept, concerning the job performance of [the adjuster] for the years 2010 through 2019 and every subsequent year [the adjuster] was involved in the handling of the UNDERLYING CLAIM and/or UNDERLIYNG LITIGATION. This request includes, but is not limited to any documents relating to:
>
> a. the identified individual's training, education, experience, licensure, job positions and compensation (including profit sharing, bonuses, or any performance-based compensation);
> b. the identified individual's responsibilities and duties associated with those job positions; and
> c. any complaints, commendations, or other reviews, assessments, or evaluations of the performance of the identified individual.

---

[1] Both parties agree that these employees were more than minimally or incidentally involved in handling the claim.

> **However, Plaintiff is not seeking the production of social security numbers, telephone numbers, drug test results, or any protected health information.**

Doc. 39-1, pp. 3–4 (emphasis in original).

Defendant asserted numerous boilerplate objections to the production request. Doc. 39-2. After efforts to resolve the issue failed, Plaintiff moved to overrule Defendant's objections and compel a responsive production. Doc. 39. Defendant opposed. Doc. 41. On January 22, 2024, the Court held a hearing on the motion. *See* Doc. 45.

Prior to the hearing, the parties narrowed the issues significantly. Remaining for the Court to decide were: (1) whether Defendant must produce employee compensation documents for the three named employees; and (2) whether Plaintiff was entitled to responsive documents from only the years during which the employees handled the claim at issue, or whether they may receive documents from the two years prior to each employee's involvement with the claim.

## Analysis

Federal Rule of Civil Procedure 26(b)(1) provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action. . . the importance of discovery

in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

In bad faith insurance claims, courts often find documents regarding insurance employees' "job performance, compensation, evaluation, discipline, training, educational background, work duties and hours of work to be relevant." *Wiggins v. Gov't Emps. Ins. Co.*, No. 3:16-cv-01142, 2017 WL 3720952, at *3 (M.D. Fla. Jul. 10, 2017); *see also, e.g., O'Connor v. GEICO Indem. Co.*, No. 8:17-cv-1539, 2018 WL 1409750, at *3 (M.D. Fla. Mar. 21, 2018) (showing information pertaining to an employee's competence, evaluation, compensation, discipline, educational background, work duties, and hours of work were relevant in a bad faith action against the insurer); *Kafie v. Nw. Mut. Life Ins. Co.*, No. 11-21251-CIV, 2011 WL 4636889, at *2 (S.D. Fla. Oct. 6, 2011) (holding personnel files of employees involved in the determination of the denial of benefits in a bad faith action were discoverable, "including information related to those employees' job performance, compensation, evaluation, discipline, training, educational background, work duties and hours of work").

Here, as explained at the hearing, Plaintiff proceeds on the theory that Defendant created performance incentives for employees to settle claims at low

rates and that these incentives impacted the employees' decision not to settle Ms. Ellison's claim at a reasonable rate in advance of the jury award.

The Court finds that whether Defendant's employees had a financial stake in the amount for which they settled Ms. Ellison's claim is relevant to Plaintiff's claim.[2]

Additionally, the Court finds that whether Defendant's employees had been rewarded or penalized in the years immediately preceding their handling of Ms. Ellison's claim, based on the amount at which they settled other claims, is relevant to the employees' decision-making as to Ms. Ellison's claim. Thus, these records too are relevant to Plaintiff's claim.

Defendant offers no facts to support its assertion that the request for these documents is vague or ambiguous, or that the burden of producing such records is disproportionate to the needs of the case. Defendant has identified no specific privacy concern as to any employee that has not been addressed by the parties' confidentiality agreement. *See* Doc. 39-3. And Defendant's claim that responsive documents would be inadmissible under the Federal Rules of

---

[2] Defendant asserts that the three employees had no role in determining whether to settle the claim outside of the policy's $100,000 bodily injury limit and thus that their motivations are irrelevant. Given that no ruling has excluded Plaintiff's theory as a matter of law, evidence relating to Plaintiff's theory remains "relevant to any party's claim." *See* Fed. R. Civ. P. 26(b)(1).

5

Evidence misses the mark. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable").

For these reasons, and those stated on the record (Doc. 46), Plaintiff's motion is **GRANTED in part, and DENIED in part.**

It is hereby **ORDERED** that:

(1) Plaintiff's motion is **GRANTED** to the extent that, on or before **February 5, 2024,** Defendant shall produce:

   a. All employee compensation documents related to Sharon Seavey, Jodie Prendes, and Kristen Tabile; and

   b. Responsive records to Plaintiff's request for production[3] for all years during which the relevant employee handled the insurance claim at issue, plus the two years prior.

(2) As to all other requested relief, Plaintiff's motion is **DENIED** without prejudice as moot, based on the parties' resolution of the issues.

**ORDERED** in Tampa, Florida on January 26, 2023.

NATALIE HIRT ADAMS
United States Magistrate Judge

---

[3] As determined by the parties' pre-hearing agreement or by this Order.

6