UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY WILLOUGHBY,

    Plaintiff,

v.                          Case No.: 8:23-cv-1260-KKM-NHA

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

The Court partially grants Young, Bill, Boles, Palmer, Duke & Thompson, P.A.'s Motion to Quash (Doc. 56) and partially grants Plaintiff Randy Willoughby's Motion to Compel (Doc. 57).

### I.  Background

Mr. Willoughby brings a third-party bad-faith insurance action against Defendant GEICO, for the alleged breach of fiduciary duties GEICO owed to its insured, Alberta Ellison. Doc. 1-1. Essentially, Mr. Willoughby alleges that GEICO failed to appropriately settle claims he made against Ms. Ellison following a traffic accident, which claims ultimately resulted in Mr. Willoughby's winning a $30-million jury award against her. *Id.* pp. 5–8.

On June 13, 2013, Mr. Willoughby sued Ms. Ellison following a traffic accident that left him severely injured (the "Underlying Claim"). Doc. 1-1.

GEICO, who insured Ms. Ellison, retained various law firms, including (1) the Law Office of Ellen H. Ehrenpreis; (2) Reynolds Parrino Shadwick, P.A.; (3) Thompson & Miller, P.A.; and (4) Unice Salzman Jensen, P.A. (together, "Ms. Ellison's Attorneys"), to defend Ms. Ellison and her husband, Eddie Ellison against Mr. Willoughby. Doc. 57, p. 5.

GEICO communicated with Ms. Ellison's Attorneys regularly during Ms. Ellison's litigation against Mr. Willoughby, as both Ms. Ellison and GEICO shared an interest in limiting any determination of liability and damages against Ms. Ellison.

On July 15, 2013, following multiple failed attempts to settle the Underlying Claim against Ms. Ellison, GEICO retained Young, Bill, Boles, Palmer, Duke & Thompson, P.A. (the "Young Law Firm") to help GEICO avoid and/or defend against any bad faith litigation arising from its handling of the Underlying Claim. Doc. 56, p. 8. The Young Law Firm advised GEICO that GEICO had no obligation under Ms. Ellison's insurance policy to pay more than $100,000 to settle the Underlying Claim; this advice was communicated during a meeting on April 16, 2015, at which GEICO decided to decline Mr. Willoughby's $150,000 settlement offer. *Id.* at 19. GEICO formally declined the $150,000 offer on April 17, 2015.

After all settlement negotiations failed, the case went to trial, and a jury awarded Mr. Willoughby $30 million in damages. Doc. 1-1, pp. 5-8. Mr.

2

Willoughby then sued GEICO in the present case, alleging that GEICO acted in bad faith by failing to settle the Underlying Claim for less. Doc. 1-1.

The Young Law Firm initially represented GEICO in this case. *See* Docs. 6, 7, 8. However, on March 18, 2024, the Young Law Firm moved to withdraw (Doc. 59), explaining that GEICO would raise an "advice of counsel" defense (Doc. 63, p. 2) relating to GEICO's April 17, 2015 refusal of Mr. Willoughby's $150,000 settlement offer.[1] The Court granted the Young Law Firm's Motion to Withdraw (Doc. 70).

## II. Motions at Issue

On March 1, 2024, Mr. Willoughby served a subpoena on the Young Law Firm for external communications, internal communications, and documents exchanged between the Young Law Firm and GEICO between November 2, 2012 and August 9, 2019 relating to:

(a) Whether GEICO provided insurance coverage to Ms. Ellison for any portion of the UNDERLYING CLAIM;

(b) Whether GEICO would defend Ms. Ellison from any portion of the UNDERLYING CLAIM;

(c) Whether to settle any portion of the UNDERLYING CLAIM, including any communications related to the meeting of April 16, 2015, that B. Richard Young of the YOUNG LAW FIRM attended with Dan Anthony, Megan Tuczynski, Dan Loranger and Seth Kleiner of GEICO; and

---

[1] GEICO declined other settlement offers thereafter, but GEICO does not, at this time, raise an advice-of-counsel defense for the later refusals.

> (d) Whether to allow Ms. Ellison to limit her damages and/or stipulate to a final judgment in 2017 in connection with the UNDERLYING LITIGATION.

Doc. 56-1, pp. 5-6.

On March 14, 2024, the Young Law Firm moved to quash portions of Plaintiff's subpoena, arguing that the requests sought privileged information and were otherwise irrelevant. Doc. 56. GEICO likewise objected to Mr. Willoughby's subpoena. Doc. 58. Mr. Willoughby opposed the motion to quash, arguing that privilege did not apply to the communications, and, even if privilege did apply, GEICO waived the privilege. Doc. 76.

Then, on March 15, 2024, Mr. Willoughby moved to compel GEICO to produce materials responsive to his first Request for Production and his Request for Copies. Doc. 57, p. 1. Mr. Willoughby's Request for Production sought Ms. Ellison's Attorneys' communications with and billing records submitted to GEICO. Doc. 57, p. 5; Doc. 80-1, pp. 1, 2, 5, 6. Mr. Willoughby's Request for Copies sought copies of materials GEICO recently subpoenaed from the Ellisons' attorneys, including but not limited to, the attorneys' correspondence with GEICO during the Underlying Claim. Doc. 57, p. 5; Doc. 80-2, pp. 32, 37, 77.

In support of his Motion to Compel (Doc. 57), Mr. Willoughby argued that attorney-client privilege does not protect the communications, and, even if it did, the privilege was waived by Ms. Ellison's Attorneys' production of

4

materials to GEICO at a time when their interests were plainly adverse, by GEICO's advice-of-counsel defense, and by GEICO's production of 91 communications between GEICO and Ms. Ellison's Attorneys relating to legal opinions and strategy. Doc. 57, p. 6. GEICO opposed the Motion to Compel arguing that attorney-client privilege applied because, at the time of the underlying communications, GEICO shared with Ms. Ellison's Attorneys an interest in reducing Ms. Ellison's exposure to liability and minimizing any damages attributed to her, and that there was no waiver or assignment of such common-interest privilege. Doc. 77.

### III. Rulings

On April 19, 2024, the Court held a hearing on the Young Law Firm's Motion to Quash (Doc. 56) and Mr. Willoughby's Motion to Compel (Doc. 57). For the reasons stated on the record, **the Young Law Firm's Motion to Quash (Doc. 56) is GRANTED in part and DENIED in part**.

It is hereby **ORDERED** that:

1. The Young Law Firm shall produce responsive documents created between November 2, 2012 and April 17, 2015, to the extent that the documents relate to the Young Law Firm's legal counsel on the extent and scope of the insurance coverage owed by GEICO to the Ellisons;

2. The Young Law Firm shall produce responsive documents that do not represent attorney-client privilege or attorney work-product (i.e. that were created, sent, or received outside of the Young Law Firm's role as legal counsel); and

3. The Young Law Firm shall produce a privilege log with respect to any responsive material the firm withholds in response to the subpoena by April 26, 2024.

4. The motion is otherwise DENIED.

For the reasons stated on the record, **Mr. Willoughby's Motion to Compel (Doc. 57) is GRANTED in part and DENIED in part.**

1. As to Mr. Willoughby's Motion to Compel Responses to his First Requests for Production:

    (a) No later than April 26, 2024, GEICO shall produce responsive documents relating to matters that fall outside its zone of common interest with Ms. Ellison;

    (b) No later than April 26, 2024, GEICO shall produce responsive documents relating to its determination of the extent and scope of the insurance coverage owed by GEICO to the Ellisons;

    (c) No later than April 26, 2024, GEICO shall provide a privilege log of the responsive documents it withholds;

    (d) By April 23, 2024, Mr. Willoughby shall provide to chambers for inspection copies of the 91 documents (of the subset thereof) that he alleges demonstrate GEICO's waiver of privilege. He shall produce an identical production to GEICO's counsel. Upon review of the documents, the Court will determine whether GEICO's production of the documents constituted a privilege waiver beyond that GEICO relies upon for its advice-of-counsel defense.

2. As to Mr. Willoughby's Motion to Compel Responses to his Request for Copies:

    (a) Mr. Willoughby's motion is GRANTED. No later than April 26, 2024, GEICO shall produce responsive documents, barring a showing by GEICO that Ms. Ellison's Attorneys produced copies of their files to GEICO without the Ellisons' knowing waiver of privilege.

**DONE and ORDERED** in Tampa, Florida on April 22, 2024.

*[signature]*
NATALIE HIRT ADAMS
United States Magistrate Judge