UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY WILLOUGHBY,

    Plaintiff,

v.                                            Case No.: 8:23-cv-1260-KKM-NHA

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendants.
_____/

# ORDER

I partially grant and partially deny the parties' Joint Motion to Seal Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Deposition Transcript of B. Richard Young (Doc. 138).

## Background

Plaintiff brings a third-party bad-faith insurance action against Defendant GEICO, for the alleged breach of fiduciary duties Defendant owed to its insured, Alberta Ellison. (Doc. 1-1.) Essentially, Plaintiff alleges that Defendant failed to appropriately settle claims against Ms. Ellison that arose from a traffic accident and that ultimately resulted in a $30-million jury award against her. *Id.*, pp. 5-8.

During discovery, a dispute arose between the parties regarding certain documents produced by GEICO. (Doc. 138, p. 1.) GEICO sought to claw back

1

certain documents that it asserted contained material protected by work-product and attorney-client privilege and were inadvertently produced. (*Id.*, p. 2.) Plaintiff asserted that GEICO was not entitled to claw back the documents and that GEICO must affirmatively seek relief from the Court to reclaim and assert privilege over the produced documents. (*Id.*) This dispute is ongoing. (*Id.*) The parties have agreed that Plaintiff will file a motion to determine whether the disputed documents are privileged. (Doc. 138, p. 4.)

Relevant here, the documents in dispute include two exhibits used during the deposition of B. Richard Young (Doc. 96-7; Doc. 131-1): (1) a 2015 email chain (Doc. 96-7, Page ID 1994–1995; Doc. 131-1, Page ID 5810–5811); and (2) two pages of handwritten notes (Doc. 96-7, Page ID 1998–1999; Doc. 131-1, Page ID 5814–5815). GEICO does not assert privilege over the entirety of the documents, but believes small portions should be redacted. (Doc. 138, p. 2, n. 1; p. 3, n. 2.)

The documents at issue are appended to and referenced in the Young Transcript, which was filed in support of one of Plaintiff's motions to compel (Doc. 96-7), and as a standalone filing in advance of Plaintiff's opposition to Defendant's Motion for Summary Judgment (Doc. 131-1). The handwritten notes are also attached separately as an exhibit to Plaintiff's opposition to Defendant's Motion for Summary Judgment. (Doc. 135-2).

The exhibits were first filed with the Court on May 10, 2024. (Dox. 96-7.) On August 9, 2024, the parties filed the Joint Motion to Seal at issue here (Doc. 138). The parties move to seal the entirety of both the Young Transcript (Docs. 96-7 and 131-1) and Plaintiff's Opposition to GEICO's Motion for Summary Judgment (Doc. 135), until they can seek a Court ruling about whether the disputed documents are, in fact, privileged. *See* Doc. 138, p. 5. Once the Court decides the forthcoming motion, the parties propose, the documents would be unsealed or Plaintiff would file a new version of its opposition to Defendant's Motion for Summary Judgment. (Doc. 138, p. 4.)

## Legal Authority

Whether to seal documents is left to the sound discretion of the trial court. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). In exercising that discretion, trial courts must consider the public's common law right to access government records, including judicial ones. *See id.* at 597-99. The common law right to access attaches to filings related to pretrial motions, including summary judgment motions, requiring judicial resolution of the merits of a case, and the common law right can be overcome only by a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311-13 (11th Cir. 2001). And, in general, "a party should not seek to seal information that is already public." *See OJ Com., LLC v. KidKraft, Inc.,*

3

34 F.4th 1232, 1241 (11th Cir. 2022) (citing *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1236 (11th Cir. 2013)).

To assist the Court in making such rulings, the Local Rules for the Middle District of Florida set forth requirements for a motion to seal. The movant must include a legal memorandum and establish: (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory. M.D. Fla. Local Rule 1.11(b).

## Analysis

Here, the parties' motion omits both a legal memorandum and an explanation of why redaction of the Young Transcript and Plaintiff's opposition to summary judgment—rather than the wholsesale sealing the documents—would be insufficient. *See* Local Rule 1.11(b)(4).

GEICO does not assert privilege over the entirety of the documents at issue, only a portion of the documents. (Doc. 138, pp. 2, 3.) And the filings the parties wish to seal are far broader than the documents at issue or any references to them.

Given the limited material in dispute, it seems redaction could fully serve the parties' purposes and strike a better balance with the public's right to access the records in this case.

## Conclusion

It is therefore ORDERED that the parties' Joint Motion to Seal Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Deposition Transcript of B. Richard Young (Doc. 138) is GRANTED IN PART AND DENIED IN PART, as follows:

(1) The Clerk is directed to seal the filings at docket numbers 96-7, 131-1, and 135 (and its exhibits).

(2) Plaintiff shall file a redacted version of Documents 96-7, 131-1, and 135 (and its exhibits), on or before August 20, 2024. Plaintiff shall note in the title of each new filing, as well as the docket entry accompanying it, the docket number of the sealed filing to which it corresponds.

**ORDERED** in Tampa, Florida on August 15, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge